

THOMPSON HINE          ATLANTA          CLEVELAND          DAYTON          WASHINGTON, D.C.

CINCINNATI          COLUMBUS          NEW YORK

November 20, 2017

*Via ECF*

Hon. Richard J. Sullivan
Thurgood Marshall
United States Courthouse, Room 905
40 Foley Square
New York, NY 10007

Re:  *United States v. Raheem J. Brennerman*; No. 17 Cr. 337 (RJS)

Dear Judge Sullivan,

We represent Mr. Brennerman in the above-captioned matter, and we submit this letter in response to the proposed jury charge that was electronically filed on November 15, 2017 and also emailed to chambers.  In particular, this letter addresses three aspects of the Government's proposed charge that we believe are legally deficient:  (1) the Government omits from the conspiracy charge sufficient instruction on specific intent required by Second Circuit precedent; (2) the Government's reliance on *United States v. Roy*, 783 F.3d 418 (2d Cir. 2015), requires additional instruction to explain adequately the elements of a §1349 conspiracy offense; and (3) the Government fails to define sufficiently the legal meaning of materiality.  For the following reasons, we request additional language in the charge on each of these issues.

First, the Government's proposed charge does not include language that the Second Circuit relies on to define the specific intent the Government must prove in connection with a conspiracy charge.  In defining the elements of a conspiracy claim under §1349, the court in *United States v. Mahaffy*, 693 F.3d 113, 123 (2d Cir. 2012), defined an element of a §1349 conspiracy as follows: "[the defendant] knowingly engaged in the conspiracy with the specific intent to commit the offenses that were the objects of the conspiracy."  *See also United States v. Lange*, 834 F.3d 58, 76 (2d Cir. 2016) (quoting *United States v. Ferrarini*, 219 F.3d 145, 154-55 (2d Cir. 2000) ("the Government must prove '(1) knowing participation or membership in the scheme charged and (2) some knowledge of the unlawful aims and objectives of the scheme.'").  The *Lange* court further relied on language from *United States v. Svoboda*, 347 F.3d 471, 478-79 (2d Cir. 2003), providing that "[t]here must be further proof that the defendant joined in the illegal agreement *with the intent of helping it succeed in its criminal purpose*."  *Lange*, 834 F.3d at 76 (emphasis added);  *see also United States v. Rosen*, 716 F.3d 691, 698 (2d Cir. 2013) (affirming convictions based on trial court's finding that "[e]ach of these arrangements, . . . involved a corrupt agreement or conspiracy . . . , into which Rosen entered knowingly, willfully, and with a specific intent to bribe the legislators and thereby deprive their constituents of their honest services").  Thus, the Government must not only prove that Mr. Brennerman acted "knowingly or willfully"

Maranda.Fritz@ThompsonHine.com   Fax: 212.344.6101   Phone: 212.908.3966                    mf  4841-3141-5638.1

THOMPSON HINE LLP          335 Madison Avenue          www.ThompsonHine.com
ATTORNEYS AT LAW           12th Floor                  O:  212.344.5680
                           New York, New York 10017-4611   F:  212.344.6101



Hon. Richard J. Sullivan
November 20, 2017
Page 2

with respect to the conspiracy, but it must also prove that he acted with the "specific intent of furthering the illegal object of the conspiracy or agreement," i.e., the bank and wire frauds.  The Government's proposed charge does not reflect this, and we request that this or similar language be added to the charge.

The Government's proposed conspiracy charge is also deficient because it does not adequately explain the elements of a §1349 conspiracy.  Although Mr. Brennerman acknowledges that, under *United States v. Roy*, the Government is not required to prove the existence of an "overt act" in furtherance of the conspiracy, courts interpreting §1349 consistently require more proof that the Government's proposed charge contemplates.  Specifically, courts require that the Government prove that the defendants agreed on the "essential nature of the plan" that is the object of a §1349 conspiracy.  *E.g.*, *United States v. Carpenter*, 190 F. Supp. 3d 260, 266-67 (D. Conn. 2016); *United States v. Wrobel*, Cr. No. 12-CR-125W, 2017 U.S. Dist LEXIS 114110, at *13 (W.D.N.Y. July 21, 2017) (citing *United States v. Rosenblatt*, 554 F.2d 36, 38 (2d Cir. 1977); *accord United States v. Gonzalez*, 834 F.3d 1206, 1214-16 (11th Cir. 2016); *see also United States v. McGinn*, 787 F.3d 116, 124 (2d Cir. 2015) (noting that the government had adduced sufficient evidence to sustain a conviction for a §1349 conspiracy based on evidence "concerning the defendants' joint efforts to divert funds, conceal losses through the creation of false accounting records, and the submission of false documents to FINRA," permitting a jury to find "that defendants were knowing participants in a conspiracy to commit mail and wire fraud"); *United States v. Wyatt*, 561 F.3d 49, 54 (1st Cir. 2009) (sustaining conviction for §1349 conspiracy on grounds that Government had adduced that defendant "took several steps . . . to further the goals of the conspiracy").  The Government's proposed charge on the §1349 conspiracy omits any discussion of the need to prove the "essential nature of the plan;" moreover, as currently worded, the Government's proposed charge impermissibly suggests to the jury that it only need to establish that Mr. Brennerman "thought" about a conspiracy, when the case law makes clear that the Government must show something more, even if it is not required to prove an overt act.  We respectfully request that the conspiracy charge be amended to include language capturing both of these issues – i.e., that the Government must prove the essential nature of the plan, and must show something more than a mere "thought crime."

Finally, the Government's has asserted in its proposed charge with respect to the bank fraud count that it intends to rely on both provisions of that statute – i.e., that Mr. Brennerman engaged in either a scheme or artifice to defraud.  First, the defendant opposes the inclusion of both provisions because the indictment makes clear that the offense charged was the utterance of material misrepresentations.  Further, in light of the Government's position, further language is needed in the charge to define the concept of materiality.  For one, the Supreme Court has long recognized the need to judge materiality in the specific context of the crime charged.  *See, e.g.*, *Affiliated Ute Citizens v. United States*, 406 U.S. 128, 153-54 (1972) ("All that is necessary is



Hon. Richard J. Sullivan
November 20, 2017
Page 3

that the facts withheld be material in the sense that a *reasonable investor* might have considered them important in the making of this decision.").  Additionally, the Second Circuit has held that materiality in fraud claims requires that the "misstatements were reasonably capable of influencing a decision of" the party alleged to have been defrauded.  *United States v. Litvak*, 808 F.3d 160, 174 (2d Cir. 2015).  Neither of these concepts is captured in the Government's proposed charge on materiality, and we request that they be included in that charge.

Perhaps most significantly, the Government's proposed charge does not differentiate between representations of fact – which can be material – as opposed to statements of opinion – which are never material.  Courts consistently instruct jurors that statements of opinion, particularly those that are mere "puffery" are not actionable.[1]  *E.g.*, *Lazare Kaplan Int'l Inc. v. Photoscribe Techs.*, No. 06 Civ. 4005 (TPG), 2008 Jury Instr. LEXIS 1585 (S.D.N.Y. Feb. 11, 2008) ("If you find that Photoscribe's or Mr. Benderly's' representation was no more than an expression of opinion, you will proceed no further on the claim of fraud."); *see also id.* ("Thus, representations that defendants envisioned funding a proposed acquisition with cash on hand and borrowing and that financing would be no problem amount to no more than non-actionable statements of prediction or expectation."); *accord In re Raytheon*, No . 99-12142-PBS2004 Jury Instr. LEXIS 473 (D. Mass Apr. 12, 2004) (instructing that statements of "puffery" are non-actionable).  Thus, we respectfully request the charge on materiality be amended:  (i) to reflect that materiality, while an objective standard, must nevertheless be judged in the context of the particular facts of the case – i.e., what is material to a reasonable investment banker; and (ii) to explain that mere statements of opinion or puffery are not, as a matter of law, material.

We are prepared to address these issues at the next scheduled pretrial conference or at any other time convenient to the Court.

Respectfully,

/s/Maranda E. Fritz

Maranda E. Fritz

---

[1]     This is consistent with the Supreme Court's pronouncement in *Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 135 S. Ct. 1318, 1327 (2015) ("[A] sincere statement of pure opinion is not an 'untrue statement of material fact,' regardless whether an investor can ultimately prove the belief wrong.").