x

Raheem J. Brennerman (54001-048)
Metropolitan Detention Center
P O Box 329002
Brooklyn, New York 11232

Honorable Judge Richard J. Sullivan
United States District Judge
United States District Court
40 Foley Square
New York, New York 10007

May 13, 2018

Re: United States v. Raheem J. Brennerman
Case No. 17 CR. 337 (RJS)

Dear Judge Sullivan:

By this letter motion, Defendant Pro Se, Raheem Brennerman ("Brennerman"), in reliance on his rights pursuant to the United States Constitution, the relevant parts of the Federal Rule of Criminal Procedure, and all applicable laws, will move this Court before Honorable Judge Richard J. Sullivan, United States District Judge, for the following:

(a.) An Order of the Court to compel the government to make available to defendant, (i.) all Brady materials; (ii.) all materials pursuant to Rule 16 of Fed. R. Crim. P.; (iii.) all exhibits adduced at trial by government; (iv.) a detailed inventory of all personal effects, properties and materials seized from defendant at his home in Las Vegas, Nevada and at his hotel suite at the W Hotel, Hoboken, New Jersey. Brennerman became a Pro Se defendant in February 2018 and has since made requests, on March 21, 2018 and April 23, 2018, to the government, both of which has been ignored. Defendant requires these materials in composing his reply to government opposition to his relief sought pursuant to Rule 29 and 33 of the Federal Rule of Criminal Procedure.

(b.) An Order pursuant to Rule 45 and all applicable law or Federal Rule to compel, the government to make available to defendant for deposition, pursuant to Rule 30(a)(1) of the Federal Rule of Civil Procedure and all applicable law or Federal Rule (i.) Mr. Scott Stout, Morgan Stanley Smith Barney; (ii.) Richard Collins, U.S Citizenship and Immigration Services; (iii.) Christopher Nieves, Diplomatic Security Service, U.S Department of State. The above individuals already appeared on record as witnesses in this case and provided testimony to the Court and Jury, however due to the ineffectiveness of defendant`s trial counsel, they (Defendant trial counsel) failed to adduce appropriate responses from these witnesses. For instance, defendant trial counsel, failed to adduce responses from Mr. Scott Stout which would have informed the Court and Jury that Morgan Stanley Smith Barney was not a bank but a brokerage business, and thus not federally insured to meet the essential element required for a bank fraud conviction. Defendant intends to append their deposition with his reply to government opposition to his relief sought pursuant to Rule 29 and 33 of the Fed. R. Crim. P.

The above, orders of the court are in addition to (a.) the order sought by defendant, to compel for the grand jury minutes and submission as well, all materials pursuant to Rule 7 of the Fed. R. Crim. P., at docket no. 145, which defendant is dependent upon to highlight to the Court, in his reply to government opposition that government made vastly contradicting arguments, on one hand to legally pierce through the corporate veil of a Delaware "C" corporation by arguing that Blacksands Group was

the alter-ego of Brennerman, while also arguing to an empanelled grand jury that Blacksands Group was part of a conspiracy involving other alter-egos, however failing to inform the grand jury of their earlier argument, proffered for arresting and prosecuting Brennerman for orders directed at Blacksands Group and not Brennerman personally, and (b.) the order sought by defendant, to compel ICBC (London) PLC and ICBC London Branch, for the relevant ICBC London lending file relating to the underlying bridge loan finance in the civil case (Case No. 15-cv-70), and the deposition of Mr. Julian Madgett of ICBC (London) PLC, at docket no. 143, which defendant requires to rebut all erroneous inferences and testimony argued to the Court and Jury at trial. All of which defendant intends to append to his reply to government opposition to his relief sought pursuant to Rule 29 and 33 of the Fed. R. Crim. P.

Defendant, Raheem Brennerman, is a Pro Se defendant, therefore his pleadings are generally liberally construed and held to a less stringent standard than pleadings drafted by an attorney. See Hughes v. Rowe, 449 U.S. 6, 9 (1980) (Per Curiam); Estelle v. Gamble, 429 U.S. 97 (1976). Defendant apologizes to the Court in advance for all errors and omissions.

Defendant submits the above and respectfully request that the Court grant his requests in its entirety.

Dated: May 13, 2018
  New York City, New York

RESPECTFULLY SUBMITTED

/s/ Raheem J. Brennerman
Defendant Pro Se