UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

RAHEEM J. BRENNERMAN,

                Defendant.

No. 17-cr-337 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

      The Court is in receipt of three letters from Defendant requesting (1) reconsideration of the Court's denial of his request for an order compelling production of the ICBC London lending file and grand jury minutes; (2) an evidentiary hearing as to the employer of Scott Scout; and (3) reconsideration of the Court's denial of his request for bail. (Doc. Nos. 155, 156, 157.) For the following reasons, Defendant's requests are DENIED.

      In his first letter, dated May 17, 2018, Defendant moves for discovery "pursuant to the U.S[.] Constitution, all applicable laws and the relevant of the Federal Rule[s]" (Doc. No. 155), presumably in response to the Court's explanation in its May 15, 2018 Order that neither Rule 29 nor Rule 33 provide for discovery (Doc. No. 153). In order to bolster his claim, Defendant cites a number of cases from the Second and Eighth Circuits finding that district courts abused their discretion in excluding evidence at or before trial. Again, Defendant misunderstands the posture of his case. As the trial in this case has already concluded, Defendant has no right to additional discovery. Furthermore, the mere fact that Defendant did not "previously present[]" the ICBC London lending file at trial does not mean that the file is now "newly discovered evidence[.]" In

order to demonstrate that evidence is newly discovered pursuant to Rule 33, Defendant "must . . . show that the evidence was discovered after trial . . . [and] must also demonstrate that the evidence could not with due diligence have been discovered before or during trial." *United States v. Forbes*, 790 F.3d 403, 409 (2d Cir. 2015) (internal quotations omitted). Defendant has failed to make such a showing. Accordingly, IT IS HEREBY ORDERED THAT Defendant's motion for reconsideration is DENIED.

In his second letter, dated May 18, 2018, Defendant requests an evidentiary hearing regarding the identity of Scott Scout's employer, asserting that "Scott Scout worked at Morgan Stanley Smith Barney . . . [which] is not FDIC insured and the essential element necessary to convict for bank fraud will [therefore] not have been satisfied. . . ." (Doc. No. 156.) Although Defendant is not entitled to an evidentiary hearing on this matter, the Court will thoroughly consider Defendant's argument, as elaborated upon in his reply memorandum of law in support of his Rule 29 and Rule 33 motions, in ruling on Defendant's motions. Accordingly, IT IS FURTHER ORDERED THAT Defendant's request for an evidentiary hearing is DENIED.

In his third letter, dated May 19, 2018, Defendant moves for reconsideration of the Court's denial of his motion for reconsideration of his original motion for bail. (Doc. No. 157.) Again, Defendant fails to present any new evidence warranting a reconsideration of this Court's original decision to deny bail to Defendant. (*See* Doc. No. 16.) Moreover, Defendant is currently serving a twenty-four month sentence as a result of his conviction for criminal contempt in a case before Judge Kaplan and is therefore ineligible for bail. (*See* 17-cr-155, Doc. No. 145.) Accordingly, IT IS FURTHER ORDERED THAT Defendant's motion for reconsideration of the Court's previous denial of his motion for reconsideration of the Court's

decision is DENIED.

For the foregoing reasons, Defendant's requests are DENIED. The Clerk of Court is respectfully directed to mail a copy of this order to Defendant.

SO ORDERED.

Dated:   June 7, 2018
         New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE