UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

RAHEEM J. BRENNERMAN,

                Defendant.



No. 17-cr-337 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

    The Court is in receipt of two letters from Defendant requesting (1) an order compelling the government to turn over the search warrant used "for the collection of Brennerman's cell phone data between March 2017 and April 2017" and the "affirmation submitted by [the] Government in support of its application for . . . said warrant"; and (2) reconsideration of the Court's denial of his request for leave to submit additional evidence to the Court. (Doc. Nos. 169, 170.) For the following reasons, Defendant's first request is DENIED, and his second request is DENIED in part and GRANTED in part.

    In his first letter, Defendant cites to the Supreme Court's recent decision in *Carpenter v. United States* in support of his argument that the government's "collection of Brennerman's cell phone data was unconstitutional[.]" (Doc. No. 169.) However, Defendant misunderstands the Supreme Court's holding in *Carpenter*. *See Carpenter v. United States*, 138 S. Ct. 2206 (2018). In *Carpenter*, the Supreme Court concluded that "the Government must generally obtain a warrant supported by probable cause before acquiring [cell phone] records." *Id.* at 2221. Here, however, Defendant admits that the government in fact "obtain[ed] a warrant to collect data from

Brennerman's cell phone." (Doc. No. 169.) Defendant therefore cannot demonstrate that the "Government's continuous collection of Brennerman's cell phone date was unconstitutional[.]" (Doc. No. 169.) Furthermore, even if Defendant could somehow demonstrate that the warrant obtained by the government was constitutionally deficient, Defendant – as this Court has repeatedly explained – does not have a right to discovery in support of his Rule 29 and Rule 33 motions. (*See, e.g.*, Doc. Nos. 153, 161.) Accordingly, IT IS HEREBY ORDERED THAT Defendant's motion for an order compelling the government to turn over the search warrant and supporting affirmation is DENIED.

In his second letter, Defendant requests that the Court reconsider its previous denial of Defendant's request to submit "in excess of 1,000 pages of additional evidence to the court[.]" (Doc. No. 170.) Defendant explains that the evidence he wishes to submit to the Court includes ICBC London "disclosures . . . filed on June 6, 2018[.]" (*Id.*) Defendant asserts that this evidence is "newly discovered" and therefore admissible pursuant to Rule 33 of the Federal Rules of Criminal Procedure. *See, e.g., United States v. Forbes*, 790 F.3d 403, 409 (2d Cir. 2015). In light of Defendant's representation that this evidence was publicly filed on June 6, 2018, IT IS HEREBY ORDERED THAT Defendant may file one final evidentiary submission containing only evidence that "could not with due diligence have been discovered before or during trial." *United States v. Alessi,* 638 F.2d 466, 479 (2d Cir. 1980). Moreover, because Defendant already had the opportunity to submit evidence appended to his Rule 29 and Rule 33 motions, the Court will not consider any evidence that could have been discovered by May 22, 2018 – that is, the date on which Defendant submitted his reply brief. Defendant should also submit a letter motion – not to exceed two pages in length – explaining why the submitted

evidence could not have been discovered prior to May 22, 2018, and why it is relevant to Defendant's pending motions. Furthermore, in order ensure that the Court has an opportunity to review Defendant's submission before ruling on his motions at sentencing, IT IS HEREBY ORDERED THAT Defendant's stand-by counsel, Scott Tulman, shall assist Defendant by sending a copy of this Order to Defendant no later than July 27, 2018, and by filing Defendant's evidentiary submission and letter motion on ECF by August 2, 2018.

In light of Defendant's motion, IT IS FURTHER ORDERED THAT the sentencing scheduled for August 3, 2018 is adjourned to August 10, 2018 at 2:30 p.m. In an abundance of caution, the Clerk of Court is also respectfully directed to mail a copy of this order to Defendant.

SO ORDERED.

Dated: July 26, 2018
New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE