**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 13, 2018

**BY ECF**

The Honorable Richard J. Sullivan
United States Circuit Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:   *United States v. Raheem J. Brennerman*, 17 Cr. 337 (RJS)

Dear Judge Sullivan:

    The Government respectfully submits this letter in response to defendant Raheem J. Brennerman's November 5, 2018 supplemental sentencing submission. For the reasons set forth in the Government's July 20, 2018 sentencing submission, *see* Dkt. No. 176, and those set forth below, the Government respectfully submits that a sentence within the advisory United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") range of 135 to 168 months' imprisonment is appropriate in this case.

    **A. The Presentence Investigation Report Correctly Calculates the Guidelines Range**

    Brennerman argues that his conduct in the civil case before Judge Lewis A. Kaplan does not qualify as obstructive and therefore does not justify a U.S.S.G. § 3C1.1 enhancement. (Def. Supp. Sub. at 2.) Section 3C1.1 of the Sentencing Guidelines instructs a sentencing court to impose a two-level offense level enhancement:

> If (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense. . . .

U.S.S.G. 3C1.1. The commentary to § 3C1.1 make clear that obstructive conduct can predate the relevant criminal investigation "if the conduct was purposefully calculated, and likely, to thwart the investigation or prosecution of the offense of conviction." U.S.S.G. § 3C1.1, App. Note 1; *see also United States v. Ayers*, 416 F.3d 131, 134 (2d Cir. 2005) ("obstructive conduct which takes place prior to the start of a federal criminal investigation of the particular offense of conviction can warrant an enhancement under § 3C1.1").

Application Note 4 to § 3C1.1 sets forth a non-exclusive list of examples to which the enhancement applies, including "committing, suborning, or attempting to suborn perjury, including during the course of a civil proceeding if such perjury pertains to conduct that forms the basis of the offense of conviction," and "threatening, intimidating, or otherwise unlawfully influencing a co-defendant, witness, or juror, directly or indirectly, or attempting to do so." U.S.S.G. § 3C1.1, App. Note 4(A), (D). Consistent with Application Note 4(D), courts have routinely held that the enhancement applies to obstructive conduct in civil proceedings, like the civil proceeding involving the defendant. *See United States v. Zagari*, 111 F.3d 307, 328 (2d Cir. 1997) (enhancement can be premised on obstruction of civil investigation closely related to criminal prosecution); *Forde v. United States*, No. 08 Cr. 0828 (VM), 2012 WL 5205966, at *4 (S.D.N.Y. Oct. 12, 2012) (enhancement applies to conduct in a civil proceeding).

The obstruction enhancement applies in this case for two reasons. First, as the Presentence Investigation Report ("PSR") correctly notes, and as was proven in the trial before Judge Kaplan, the defendant willfully withheld documents in the course of the civil proceeding against him so as to prevent discovery of his fraud. While that obstructionist conduct occurred in a civil case prior to the commencement of the federal criminal investigation, its aim was to prevent detection by a civil party or court that would (and eventually did) refer the matter to the authorities. The false statements that the defendant made in civil pleadings, and his withholding of documents in violation of court orders, is squarely the type of conduct to which this enhancement applies. In this regard, the Eleventh Circuit's decision in *United States v. Malone*, 454 F. App'x 711, 714-15 (11th Cir. 2011) is instructive. In that case, the defendant, who was ultimately convicted for tax crimes and contempt, provided false information in a civil lawsuit, denying that he possessed certain records—records that were subsequently found at the defendant's home by law enforcement. *Id*. The Circuit concluded that "the existence of records . . . was material" to both civil litigation and the criminal investigation, which resulted in fraud charges, and such conduct in a civil case was "related" because it was foreseeable to the defendant that "further government investigation might result in criminal charges." *Id.* at 715. While the criminal investigation was already pending in *Malone* at the time of the obstructive conduct, the analysis holds. The defendant here deliberately concealed key documents – documents that would have exposed his fraud, and later did – and lied about it in court papers. For that reason alone, the enhancement is appropriate. The defendant's argument otherwise is nonsensical. He quite obviously did not deliberately invite a government investigation by committing contempt. While that may have been the ultimate effect of his actions, it was not his intent, which is what guides the application of the enhancement.

Second, as noted in the Government's sentencing submission, after the defendant was arrested, he was contacted by one of his victims, the principal of Brittania-U, which sought to have its money returned. In June 2018, the defendant contacted this witness and stated that if Brittania-U sent a letter to the Court and Department of Justice stating that Brittania-U was not a victim of fraud, then the defendant would return some or all of Brittania-U's funds. This attempt to influence a witness, effectively through bribery or extortion, is plainly the type of obstructionist conduct described in Application Note 4(A), and for that reason alone the enhancement applies.

### B. The Defendant's Sentence Should Run Consecutive to His Current Term of Imprisonment

The defendant asserts that, pursuant to U.S.S.G. § 5G1.3(b)(1), his sentence should run concurrently with the 24-month sentence imposed by Judge Kaplan in the related criminal contempt case. It is well established that within the judge's discretion over sentencing is the discretion to decide whether an imposed sentence run concurrently or consecutively to a prior sentence. *See Setser v. United States*, 566 U.S. 231, 236 (2012). The Government does not dispute that the defendant's criminal contempt case involves relevant conduct, and that as such, the policy statement in U.S.S.G. § 5G1.3(b)(1) applies here and must be addressed at sentencing. *See United States v. Cavera*, 550 F.3d 180, 188-89 (2d Cir. 2008) (en banc) (a district court "must take into account . . . any pertinent Sentencing Commission policy statements").

But the policy statement contained in Section 5G1.3 of the Guidelines is only a recommendation, and not a command, and it should not be followed here. In *United States v. Olmeda*, 894 F.3d 89 (2d Cir. 2018), for example, the Second Circuit vacated a sentence and remanded for resentencing because the district court had failed entirely to address the policy recommendation in U.S.S.G. § 5G1.3(c) that a sentence "shall be imposed to run concurrently" with an anticipated state term of imprisonment. Despite Section 5G1.3(c)'s mandatory language, the Second Circuit interpreted that language as a "recommend[ation]" that the district court must consider on remand, but need not follow. *Id.* at 94; *see also* U.S.S.G. § 5G1.3, Commentary (citing *Setser* and acknowledging that federal courts have discretion to select whether a sentence will run concurrently or consecutively with respect to other sentences imposed in other proceedings, but noting that: "Exercise of that discretion, however, is predicated on the court's consideration of the factors listed in 18 U.S.C. § 3553(a), including any applicable guidelines or policy statements issued by the Sentencing Commission.").

Here, a consecutive sentence is warranted. Judge Kaplan rightly made that recommendation at the defendant's sentencing for the criminal contempt case on May 21, 2018, which took place after the defendant's conviction in this case. Judge Kaplan stated:

> I recommend that Judge Sullivan give full consideration to making the sentence yet to be imposed upon Mr. Brennerman in the other case in which he was convicted subsequent to this case be imposed consecutive with this sentence. In my view, the misconduct, although related in a sense, that the contempt in this case may have been motivated in part by a desire to conceal the offenses of conviction before Judge Sullivan. They are quite different offenses and in my view, anyway, they warrant consecutive punishments, but that is up to Judge Sullivan.

Sent. Tr. at 13. As noted by Judge Kaplan, while the contempt falls within the defendant's broader course of conduct, it was also notably distinct. After the defendant completed his fraud and received his criminal proceeds, he subsequently and separately undertook elaborate steps to conceal his crime from the victim and from the courts. That conduct merited separate condemnation, which would be diluted if the punishment imposed by Judge Kaplan were credited against the defendant's impending sentence.

### C. The Defendant's Remaining Arguments Are Meritless

The defendant requests the Court grant another adjournment of sentencing. The Court has already denied this request, and for good reason. The defendant has already been given numerous adjournments and has made multiple sentencing submissions. He has also had months to consult with an attorney in preparing a supplemental submission. The defendant's claim that he "seeks to submit dozens of letters from friends, family, and business associates attesting to his good character, as well as documents attesting to his history of legitimate, successful business transactions" is part and parcel of the defendant's frauds. As he did with victims seeking the return of their money, the defendant continues to claim that his business was real and that the promised return – this time letters, not money – are just around the corner. It has, however, been almost a year since the jury trial in this case. The defendant has had ample time. The Court was correct to deny the requested adjournment as it is just another example of the defendant's failure to accept responsibility for his criminal conduct.

The defendant also claims that if he had ICBC's internal files, which are in London, he would be able to be able to establish mitigating factors for sentencing. This is a red herring, and the Court has already ruled on this issue. These records are overseas and in the custody of a third party. The defendant has never provided any facts to establish that the files of ICBC contain what he says they do. And the defendant also omits the fact that he was provided thousands of pages of documents that were previously produced by ICBC to the Government, and that he has been provided with the documents involving ICBC that were in his own files. After the defendant claimed he did not have access to this already-produced discovery, the Government provided the documents to him again. The defendant, therefore, has most of the documents he seeks, and he has failed to identify why he needs the internal credit files of ICBC for his sentencing.

The defendant's arguments that the loss amount should be lower fare no better. Section 2B1.1 of the Guidelines makes clear that the loss amount may be based on the *intended* loss. While the defendant arguably sought to impose a loss of over $300,000,000 on ICBC or other banks, the Government and Probation have taken the position that the proper loss amount to be considered is $20,000,000, which is the amount of the bridge loan. Even if the defendant did not draw down the full $20,000,000, had expended some of his own funds (of which there is no evidence), or paid some money to ICBC, that does not alter the fact that he risked exposure to the bank of $20,000,000, which is therefore the correct loss amount.

**D. Conclusion**

Accordingly, for the reasons set forth herein and the Government's prior sentencing submission, the Government respectfully submits that a sentence within the applicable Guidelines range of 135 to 168 months' imprisonment is appropriate in this case.

        Respectfully submitted,

        GEOFFREY S. BERMAN
        United States Attorney

by: /s/ Nicolas Roos
    Nicolas Roos
    Danielle R. Sassoon
    Robert B. Sobelman
    Assistant United States Attorneys
    (212) 637-2421

Cc: Scott B. Tulman, Esq.