USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/10/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

RAHEEM J. BRENNERMAN,

                Defendant.

No. 17-cr-337 (RJS)
ORDER

RICHARD J. SULLIVAN, Circuit Judge:

    On December 6, 2017, a jury found Defendant Raheem Brennerman guilty of (1) conspiracy to commit bank and wire fraud, (2) bank fraud, (3) wire fraud, and (4) visa fraud. (Doc. No. 89.) On November 19, 2018, the Court sentenced Defendant to a term of 144 months' imprisonment (Doc. No. 203), and on February 12, 2019, the Court ordered him to pay restitution in the amount of $5,264,176.19 (Doc. No. 223).

    Now before the Court are Defendant's *pro se* letters dated March 18, 2019 and received on March 26, 2019 (Doc. No. 225); dated April 11, 2019 and received on April 15, 2019 (Doc. Nos. 226, 227); dated April 10, 2019 and received on April 16, 2019 (Doc. No. 228); and dated April 29, 2019 and received on May 6, 2019 (Doc. No. 229) ("which substitutes the submissions at Doc. Nos. 225, 226, 227" (Doc. No. 229 at 1)). In sum, Defendant alleges prosecutorial misconduct and seeks (1) relief from the judgment of conviction and sentence entered in this case; (2) relief from the judgment of conviction and sentence entered in the criminal contempt case before Judge Kaplan, No. 17-cr-155 (LAK); and (3) other miscellaneous forms of relief. (Doc. Nos. 228, 229 at 1, 3.) For the reasons that follow, Defendant's requests are denied.

I. RELIEF FROM CONVICTION AND SENTENCE IN THIS CASE

Defendant argues that the Court should reconsider or alter the judgment in this case under Federal Rules of Civil Procedure 59(e) and 60(b)(6). (Doc. No. 229 at 9, 15.) Because this is a criminal case, however, neither rule is applicable. *See United States v. Munson*, No. 06-cr-143 (JGK), 2019 WL 188493, at *1 (S.D.N.Y. Jan. 14, 2019); *United States v. Oleksowicz*, No. 13-cr-003 (ER), 2017 WL 729724, at *2 (S.D.N.Y. Feb. 24, 2017), *appeal dismissed*, No. 17-1756, 2017 WL 5953417 (2d Cir. Nov. 9, 2017). Nevertheless, the Court construes Defendant's *pro se* submissions liberally as setting forth (1) a motion for new trial pursuant to Federal Rule of Criminal Procedure 33, and (2) a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255. *See, e.g., United States v. Ramos*, No. 03-cr-724 (LAP), 2015 WL 8526247, at *2 (S.D.N.Y. Oct. 8, 2015).

With respect to a motion for new trial pursuant to Rule 33, Defendant's letters are untimely. Where, as here, a motion for new trial is not based on newly discovered evidence, such a motion must be filed within 14 days of the verdict. *See* Fed. R. Crim. P. 33(b). Defendant mailed his letter dated March 18, 2019 approximately 15 months after the expiration of that 14-day period. Thus, to the extent Defendant moves for relief under Rule 33, the motion is time barred and must be denied.

With respect to a motion for relief pursuant to 28 U.S.C. § 2255, Defendant's letter is premature in light of his pending direct appeals. "Although there is no jurisdictional bar to adjudicating a § 2255 motion while the direct appeal is pending, a § 2255 motion filed before the movant has exhausted a direct appeal is generally considered premature." *Rivera v. United States*, No. 13-cr-424-1 (KMW), 2016 WL 9022576, at *1 (S.D.N.Y. Aug. 24, 2016) (collecting cases); *see also, e.g., Nuey v. United States*, No. 06-cv4367 (AKH), 2007 WL 465214, at *1 (S.D.N.Y. Feb. 9, 2007) ("[A]bsent extraordinary circumstances, a district court will not entertain a petition for habeas

corpus pursuant to 28 U.S.C. § 2255 during the pendency of the direct appeal." (internal quotation marks omitted)). Defendant has filed two notices of appeal in this case that are currently pending before the Second Circuit. (*See* Doc. No. 204, 224.) Accordingly, to the extent Defendant's motion can be construed as a request for relief pursuant to Section 2255, such a motion is denied as premature without prejudice to refiling after the resolution of Defendants' direct appeals.

## II. RELIEF FROM CONVICTION AND SENTENCE IN 17-CR-155

Defendant requests relief from the judgment of conviction and sentence entered in the separate criminal contempt case before Judge Kaplan. The Court again construes Defendant's submissions liberally as a motion for new trial or a request for relief under Section 2255. The Court, however, has no authority to grant Defendant a new trial in a case pending before a different judge. Similarly, the Court declines to entertain a request for Section 2255 relief from the sentence imposed by Judge Kaplan, who is best equipped to examine it. *Cf. Papadakis v. Warden of Metro. Corr. Ctr.*, 822 F.2d 240, 245 (2d Cir. 1987) (explaining that a different judge sitting in the same court as the sentencing judge *may* consider a request for Section 2255 relief if requiring the sentencing judge to consider the request "might unnecessarily complicate and delay adjudication of a petitioner's substantial mainstream claims"). Moreover, the Court would lack jurisdiction to consider such a request for relief in any event, because Defendant recently filed a similar request before Judge Kaplan, who denied it on the merits, *see United States v. Brennerman*, No. 17-cr-155 (LAK) (S.D.N.Y. Apr. 29, 2019), ECF Nos. 187–88, thus rendering the present request an uncertified "second or successive" petition, 28 U.S.C. § 2255(h); *Poindexter v. Nash*, 333 F.3d 372, 382–83 (2d Cir. 2003). Accordingly, Defendant's request for relief from the judgment in his criminal contempt case is denied.

III. MISCELLANEOUS REQUESTS

Defendant also (1) requests copies of the docket sheet in this case and the transcript of the sentencing proceeding held on November 19, 2018 (Doc. Nos. 226, 228), and (2) seeks to initiate a grievance against the prosecutors in this case pursuant to the Local Rules and the New York State Rules of Professional Conduct (Doc. No. 229 at 1). These requests, however, were directed to the Clerk of Court and Chief Judge McMahon, respectively – not to this Court. Furthermore, to the extent Defendant seeks such relief from this Court, Defendant's requests are denied.

With respect to Defendant's request for copies of the docket sheet and sentencing transcript, the Court notes that Defendant is represented by CJA counsel in his appeals. *See United States v. Brennerman*, 18-3546 (2d Cir. Apr. 24, 2019), ECF No. 87. Thus, requests to approve or waive fees in connection with transcripts and other materials for purposes of appeal should be made through counsel to the Court of Appeals. The Court has not received any request to approve or waive transcript fees with respect to district court proceedings, and finds no basis to do so at this time. *See* 28 U.S.C. § 753(f).

With respect to Defendant's request to file a grievance against the prosecutors, the Local Rules provide that all complaints "alleging any ground for discipline . . . shall be directed to the Chief Judge." Local Rule Civil Rule 1.5(d)(3); Local Criminal Rule 1.1. Defendant has in fact mailed his complaint to Chief Judge McMahon. (Doc. No. 229 at 1.) Thus, to the extent Defendant also requests that this Court initiate a grievance, the request contravenes the Local Rules and is moot.

IV. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT Defendant's motion for a new trial in this case pursuant to Rule 33 is DENIED with prejudice as untimely, and Defendant's

motion for relief from the judgment in this case pursuant to Section 2255 is DENIED without prejudice to renewal following the resolution of his direct appeals. IT IS FURTHER ORDERED THAT Defendant's motion for a new trial or Section 2255 relief with respect to the criminal case pending before Judge Kaplan is DENIED with prejudice. IT IS FURTHER ORDERED THAT Defendant's request to file a grievance against the prosecutors in this case is DENIED. IT IS FURTHER ORDERED THAT Defendant's request for copies of the docket sheet and sentencing transcript are DENIED. Because Defendant's Section 2255 motions make no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253. The Court certifies that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this order to Defendant.

SO ORDERED.

Dated:  May 10, 2019
        New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation