x

Raheem J. Brennerman (54001-048)
LSCI ALLENWOOD
P. O. Box 1000
White Deer, PA 17887-1000

The Honorable Richard J. Sullivan
United States Circuit Judge
The Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

April 19, 2020

PRIVATE & LEGALLY CONFIDENTIAL
BY E-MAIL & CERTIFIED FIRST CLASS MAIL

Regarding: United States v. Brennerman
            District Court Case No. 1:17-CR-337-RJS

Dear Judge Sullivan:

Defendant Pro Se Raheem Brennerman ("Brennerman") respectfully submits this reply
correspondence to Government`s memorandum (at doc. no. 239) in opposition to his omnibus
motion (at doc. nos. 236, 237)

I. Brennerman`s appeal presents substantial question of law and fact likely to result in reversal
or an order for a new trial:

Applicable Law:

The latter part of the second requirement that the appeal raises a substantial question of law or
fact likely to result in a reversal or order for a new trial does not mean that the district court
must "predict the probability of reversal." "United States v. Randell, 761 F.2d 122, 124 (2d Cir.
1985)" (quoting United States v. Miller, 753 F.2d 19, 23 (3d Cir. 1985) (internal question marks
omitted). Instead, the requirement goes to "the significance of the substantial issue to the
ultimate disposition of the appeal." Id. (quoting Miller, 753 F.2d at 23) (internal quotation
marks omitted). To determine whether the requirement is satisfied, a court must first
determine whether the question on appeal is substantial. Id at 125. A substantial question is
more than "frivolous" and "is a close question or one that very well could be decided the other
way." Id. (quoting United States v. Giancola, 754 F.2d 898, 901 (11th Cir. 1985)) (internal
quotation marks omitted). If the question is substantial, a court "must then consider whether
that question is so integral to the merits of the conviction on which defendant is to be
imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a
new trial." Id. (quoting Miller, 753 F.2d at 23). Put differently, the appeal must raise a

substantial question that, if decided in a defendant`s favor, will likely result in a reversal or order for a new trial

Discussion:

The Government ostensibly recites the procedural history and ineffectiveness of Brennerman`s trial counsel, however, ignores subsequent promulgation by the Second Circuit. In "Scrimo v. Lee, 925 F.3d 103 (2d Cir. 2019)" quoting "Crane v. Kentucky, 476 U.S. 683 (1986)") the Circuit Court held that "It is clearly established federal law that a criminal defendant has a constitutional right to present a complete defense." The record remain undisputed that when Brenneman sought to obtain documents which he required to present a complete defense, his requests were denied. (see 1:17-CR-155-LAK, doc. no. 76, in the criminal contempt of court case and in this instant case at 1:17-CR-337-RJS, doc. no. 71 (following Government sole witness from ICBC (London) plc testifying to the existence of required notes/documents). The Government does not dispute that Brennerman was prejudiced when he was deprived of the ability to present a complete defense nor does the Government challenge such argument by Brennerman. Furthermore, the Government presents no argument in fact or law abrogating such promulgation by the Second Circuit (which occurred subsequent to the procedural history recited in Government`s opposition memorandum)

Additionally, Government asserts that Brennerman failed to challenge his conviction as to Count 4 of the indictment, however Government ignores other argument(s) presented on appeal which challenges the conviction on all counts. Moreover, Government`s argument only accentuates the necessity for discovery to present clear and convincing evidence. For instance, Government does not dispute the undeniable fact that it possesses a copy of Brennerman`s U.K. birth certificate. Or the fact that presentment of Brennerman`s U.K. birth certificate will demonstrate that the conviction as to count 4 cannot stand on collateral review.

Government possessed the evidence [Brennerman`s U.K. birth certificate] during trial but failed to fulfill its obligation to present all pertinent evidence to the jury (allowing the jury to determine the matter without considering all pertinent evidence). Furthermore, the birth certificate will rebut Government`s argument and proffer to the Court and jury at trial, demonstrating that Government failed to meet its burden in satisfying the essential element to convict for Count 4. Brennerman is not foreclosed from collateral review of his conviction as to Count 4. And in the bail context, presentment of the evidence [Brennerman`s U.K. birth certificate] will demonstrate that the conviction as to Count 4 will be vacated.

"The Court has the "inherent power to release on bail a habeas petitioner who challenges his detention after a criminal conviction, "but "[t]he standard...is a difficult one to meet; the petitioner must demonstrate that the habeas petition raise[s] substantial claims and that extraordinary circumstances exists [] that make the grant of bail necessary. "Mapp v. Reno, 241 F.3d 221, 223, 226 (2d Cir. 2001). Notably, the standard for release on bail under 28 U.S.C.S. 2255 is even higher than...for release pending direct appeal. "United States v. Whitman, 153 F. Supp. 3d 658, 661 (S.D.N.Y. 2015)". For a petitioner to qualify for such relief, "there must be a

demonstrated likelihood that the petition will prevail, based upon claims of a substantial nature upon which the petitioner has a high probability of success, and demonstrating merits that are more than slightly in petitioner`s favor, so that victory for petitioner can be predicated with confidence." Muja v. U.S.. No. 10-cv-2270, 2011 U.S. Dist. LEXIS 52125, 2011 WL 1870290 at *1 (E.D.N.Y. May 16, 2011)

Presentment of Brennerman`s birth certificate will demonstrate the likelihood that the conviction will be vacated as to Count 4. Moreover, vacateur of Counts One through Three of the indictment will necessitate resentencing of Brennerman on Count 4. The Pre-Sentencing Report ("PSR Report") stipulate the offense level (as to Count 4) at Six equating to approx. zero - six months of incarceration

The relevant text of the statute - 18 U.S.C. S. 3143(b) reads:

(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in --

    (i.) reversal,
    (ii.) an order for a new trial,
    (iii.) a sentence that does not include a term of imprisonment, or
    (iv.) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

Brennerman has been incarcerated since June 1, 2017 which is in-excess of 35 months hence Government argument fails, because should Counts One to Three of the indictment be vacated and Count Four remain, Brennerman will be resentenced to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process...18 U.S.C.S 3143(b)

II. Brennerman`s request for discovery to present clear and convincing evidence should be granted:

Applicable Law:

A convicted defendant who has been sentenced to imprisonment must be detained unless the Court finds "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released [and] that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in...reversal [or] an order for a new trial...." 18 U.S.C. Section 3143(b)(1)(A)-(B). It is the defendant`s burden to rebut the presumption in favor of detention by clear and convincing evidence. See e.g., United States v. Abuhamra, 389 F.3d 309, 319 (2d Cir. 2004) (citation omitted). If a defendant meets his substantial burden, bail pending appeal is mandatory. See id. (quoting 18 U.S.C. Section 3143(a) for the post-verdict, pre-sentencing context, the mandatory language in 18 U.S.C. Section 3143(b) for the post-sentencing context is identical.

Discussion:

The burden to present clear and convincing evidence (to rebut against detention) rests with the defendant. 18 U.S.C.S 3143(b); United States v. Abuhamra, 389 F.3d 309, 319 (2d Cir. 2004) (citation omitted). Yet the Government inexplicably argue on one-hand that Brennerman is even more of a flight risk after sentencing (necessitating the need for discovery to present clear and convincing evidence to rebut against such presumption) while on the other hand arguing that Brennerman be denied discovery which he requires to rebut against such presumption.

Relevant parts of the discovery (ICBC Documents) which Brennerman requires (to present clear and convincing evidence) will rebut and refute Government assertions as to the charged crime. In fact, had the Government obtained and reviewed the complete ICBC documents it would have demonstrated that there was no fraud or contempt of court to prosecute. Additionally, Brennerman`s U.K. birth certificate will demonstrate that Brennerman did not misrepresented his place of birth, thus demonstrating that Government failed to meet its burden to satisfy the essential element necessary to convict for Count 4.

Furthermore, the fact that the evidence [Brennerman`s U.K. birth certificate] was previously provided to Brennerman`s (prior and present) counsel does not prohibit Government from submitting it to this Court for the purpose of this proceedings, so that Brennerman may present it as part of the clear and convincing evidence.

In United States v. Abuhamra, 389 F.3d 309, 319 (2d Cir. 2004), the Second Circuit reasoned in relevant parts:

The "private interest" affected by the challenged government action in this case is "the most elemental of liberty  interests - the interest in being free from physical detention by one`s own government." Id.; see Jones v. United States, 463 U.S. 354, 361, 77 L. Ed. 2d. 694, 103 S. Ct. 3043 (1983) (observing that "commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection")

The language of 3143(a) confers a sufficient liberty interest in continues release (on satisfaction of the specified conditions) to warrant some measure of due process protection. See generally Wolff v. McDonnell, 418 U.S. 539, 557, 41 L. Ed. 2d. 935, 94 S. Ct. 2936 (1974) (holding that even in the case of sentenced prisoners, statutes creating rights in good-time credits give rise to an individual interest" sufficiently embraced within fourteenth amendment liberty "to require due process protection with respect to any disciplinary denial); Morrissey v. Brewer, 408 U.S. at 483 (noting parolee liberty through "indeterminate, "cannot be terminated without due process protection); Corralluzzo v. New York State Parole Bd., 566 F.2d 375 (2d Cir. 1977) (observing that, where issue in dispute in conditional freedom versus incarceration, a liberty interest is at stake warranting due process protection).

In balancing these competing post-verdict interests to determine the process due to a defendant who seeks bail release pending sentencing, we are mindful that Congress has itself weighted the procedural balance quite decidedly in favor of the Government. As already noted, 18 U.S.C.S. 3143(A)(1) creates a presumption; and it requires the defendant to carry that burden by clear and convincing evidence, not by mere preponderance. Only if a defendant clears these high procedural hurdle is he entitled to release pending sentencing. From this statutory structure, however, we can conclude that the minimal process due a post-verdict defendant who seeks continued release pending sentencing is the opportunity to demonstrate that he satisfies the burden of proof established by section 3143(a)(a). In short, he is entitled to "some kind of hearing" at which this issue can be fairly resolved. See Henry J. Friendly, some kind of hearing, 123 U. Pa. L. Rev. 1267, 1296 (1975) (quoting Wolff v. McDonnell, 94 S. Ct. at 2975)

Brennerman respectfully requests that the Court grant his request for discovery so that he has the opportunity to demonstrate that he satisfies the burden of proof established by Section 3143.

III. Brennerman seeks additional discovery (to present clear and convincing evidence) as to the issue of Morgan Stanley:

Pursuant to the pertinent federal rule, Brennerman respectfully requests for an affidavit and/or deposition from Government witness, Mr. Scott Stout, clarifying whether he worked at Morgan Stanley Smith Barney, LLC (which is indisputably not federally insured) or Morgan Stanley Private Bank (which is federally insured)

Discovery which demonstrates Brennerman`s innocence of the charged crime will persuade that Brennerman pose less of a flight risk as he would no reason or incentive to flee, where evidence is plain and clear that he is innocent of the charged crime.

IV. Brennerman is at a heightened risk of Corona Virus:

The Government ostensibly recites data from the B.O.P (Bureau of Prison) website in highlighting the steps taken by the Bureau of Prisons to protect inmates during the Corona virus pandemic, however Government fails to acknowledge the most pertinent fact - that as of April 17, 2020 approximately eighteen inmates in the Bureau of Prisons care and custody have died from the COVID-19 caused by corona virus. Furthermore, in-excess of six hundred inmates and Bureau of Prison staff have been affected by the corona virus (a number that is increasing daily)

The Government does not dispute that Brennerman suffers from diabetics (a medical condition highlighted by the C.D.C as putting Brennerman at a heightened risk of COVID-19 caused by the corona virus). Moreover, while Government highlighted that Brennerman is being treated at FCI Allenwood Low for his diabetics and hypertension (high blood pressure), it [Government] does not present any evidence that the treatment will ensure that Brennerman would not be affected by the corona virus, nor does the Government present any clear and convincing

evidence to assure that Brennerman will not be affected by the corona virus while incarcerated (or that Brennerman would not die if affected by the corona virus while incarcerated)

It is an undisputed fact that inmates are housed in very closed quarters (with three inmate sharing a cube of approximately 100 Square feet). It is undeniable that inmates are unable to maintain the social distancing prescribed by the C.D.C. On bail Brennerman would be able to isolate and maintain the necessary social distancing stipulated by the C.D.C. given his medical conditions which puts him at a heightened risk of the corona virus.

In addition, the Government highlighted that Brennerman signed a refusal form for blood test to maintain his diabetics, however Government failed to elaborate on the complete record. On three separate occasion(s), the nurse obtaining blood from Brennerman inadvertently ruptured Brennerman`s vein leading to internal bleed. Recently (last week) the assigned P.A. (MLP 12) to Brennerman requested for a "hard stick" specialist to obtain Brennerman`s blood. Furthermore, Government highlight that as of January 2020 (when Brennerman underwent medical evaluation) he advised that he did not suffer any respiratory symptoms e.t.c. however Government ignores the fact that as of January 2020 corona virus was not a pandemic in the United States. Moreover the issue is not whether Brennerman suffers from corona virus symptoms now but to ensure that he does not remain in an environment which puts him more at risk of the virus. Brennerman suffers from diabetics and hypertension (high blood pressure) two medical conditions highlighted by the C.D.C as being at a heightened risk of corona virus.

Finally, Government highlight another case where the Court recently denied a pre-trial inmate bail. However such situation is not analogous to Brennerman`s situation. Here, Brennerman has requested for evidence which has the potential of demonstrating his innocence. His appeals (which has a high probability of reversal or an order for a new trial) are pending at the Second Circuit. Hence, Brennerman`s request for bail should be considered in light of those facts in addition to his medical condition which puts him at heightened risk of the corona virus.

V. Brennerman seeks appointment of standby counsel to assist him with the omnibus motion and oral argument:

Brennerman seeks to exercise his constitutional right to represent himself for oral argument however requests the appointment of standby counsel to assist him as a pro se defendant.

Attorney John C. Meringolo was/is appointed to represent Brennerman at the Second Circuit for his appeals and Brennerman is amenable to his appointment as standby counsel to assist Brennerman with the omnibus motion and oral argument.

VI. Legal Authority:

Defendant Raheem Brennerman is a pro se defendant, therefore his pleadings are generally liberally construed and held to a less stringent standard than pleadings drafted by an attorney. See Hughes v. Rowe, 449 U.S. 6, 9 (1980) (per curiam); Estelle v. Gamble, 429 U.S. 97 (1976)

Conclusion:

Brennerman respectfully submits the above in response to Government`s opposition and prays that the Court grants his motion in its entirety.

Dated: April 19, 2020
        White Deer, PA 17887-1000

                                                    RESPECTFULLY SUBMITTED

                                                    /s/ Raheem J. Brennerman

                                                    Raheem Jefferson Brennerman
                                                    Defendant Pro Se


_____

FOOTNOTE:

1.) The term Second Circuit refers to the United States Court of Appeals for the Second Circuit.

2.) Defendant apologizes for all errors and omissions (due to the limitations of the corrilinks system)