UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| UNITED STATES OF AMERICA |
| -v- |
| RAHEEM J. BRENNERMAN, |
| Defendant. |

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/27/2020

No. 17-cr-337 (RJS)
ORDER

RICHARD J. SULLIVAN, Circuit Judge:

Defendant Raheem J. Brennerman, proceeding *pro se*, moves for bail pending appeal. (Doc. No. 236 ("Brennerman Mot."); *see also* Doc. No. 237.) The government opposes that motion. (Doc. No. 239 ("Gov't Ltr.").) For the reasons set forth below, Brennerman's motion is DENIED.

Brennerman has sought (and been denied) bail numerous times in this proceeding and in a related criminal contempt proceeding before Judge Kaplan, *United States v. Brennerman*, No. 17-cr-155 (LAK) (S.D.N.Y.) (the "Contempt Action"). Both cases arose out of a scheme to defraud financial institutions in connection with a phony oil business.

Brennerman was first arrested on April 18, 2017, in connection with the Contempt Action. (Contempt Action Doc. No. 7.) Following an initial bail hearing, Judge McMahon, sitting in Part I, determined that Brennerman posed a significant risk of flight because he (i) was a foreign national who regularly traveled abroad and had no significant ties to or property in the United States; (ii) had habitually misrepresented his name, birthplace, citizenship, and social security number; and (iii) had demonstrated a lack of respect for the judicial system by disregarding court orders and making potentially false representations to the court. (Contempt Action Doc. No. 19 at 42–

51.) Nevertheless, Judge McMahon granted bail, in large part, because "contempt of court doesn't usually carry a heavy stick in terms of a sentence" (*id.* at 37) and "is precisely the sort of charge where one would normally admit a defendant on bail" (*id.* at 57).

Just weeks later, on May 31, 2017, a grand jury returned the indictment in this case, charging Brennerman with four counts, each more serious than contempt: (i) conspiracy to commit bank and wire fraud, in violation of 18 U.S.C. § 1349; (ii) bank fraud, in violation of 18 U.S.C. §§ 1344 and 2; (iii) wire fraud, in violation of 18 U.S.C. §§ 1343 and 2; and (iv) visa fraud, in violation of 18 U.S.C. § 1546(a). (Doc. No. 1.) During Brennerman's arraignment the next day, this Court acknowledged Judge McMahon's previous ruling, but concluded that these more serious charges – and the significantly longer sentences attached to them – "alter[e]d the [bail] calculation." (Doc. No. 17 at 36–37.) The Court also noted that Brennerman had contacted one of his victims while released on bail. (*Id.* at 37–38.) As a result, the Court concluded that no set of conditions could ensure Brennerman's appearance at trial and ordered that he be detained. (*Id.*) Only a few days later, Judge Kaplan revoked Brennerman's bail in the Contempt Action, agreeing with this Court that the more serious fraud charges increased Brennerman's incentive to flee. (Contempt Action Doc No. 42 at 8–9.)

On June 20, 2017, Brennerman renewed his bail application in this case. (Doc. No. 9.) The Court again denied his request, citing the same reasons underlying the Court's initial detention order. (Doc. No. 16 at 2–3.) Less than a week later, Brennerman appealed both this Court's and Judge Kaplan's bail determinations. (Doc. No. 19; Contempt Action Doc. No. 31.) The Second Circuit affirmed both orders, noting that "the advent of serious fraud charges with potentially severe sentencing consequences is a changed circumstance that, together with evidence of Brennerman's foreign nationality and contacts, misrepresentation of his identity, and disregard of

court orders, supports a preponderance finding that no conditions of release were reasonably likely to secure Brennerman's presence at trial." *United States v. Brennerman*, 705 F. App'x 13, 15 (2d Cir. 2017).

Brennerman thereafter proceeded to trial in both cases. On September 12, 2017, Brennerman was convicted following a jury trial in the Contempt Action of two counts of criminal contempt, in violation of 18 U.S.C. § 401(3).[1] Likewise, on December 6, 2017, Brennerman was convicted following a jury trial in this case of all four counts charged in the indictment.

On May 9, 2018, Brennerman again moved for bail in this action pending the resolution of several post-trial motions. (Doc. No. 144.) The Court denied his motion, finding that he had "fail[ed] to present any new evidence warranting a reconsideration of this Court's previous decision to deny bail." (Doc. No. 153 at 2.) Brennerman once more sought appellate review of this detention order, which the Second Circuit summarily affirmed on July 30, 2018. *See* Order, *United States v. Brennerman*, No. 18-1033 (2d Cir. July 30, 2018), Dkt. No. 133.

The following day, Brennerman moved for bail yet again, this time before Judge Kaplan. (Contempt Action Doc. No. 162.) Judge Kaplan denied that motion, finding (unsurprisingly) that Brennerman remained a serious flight risk. *See United States v. Brennerman*, No. 17-cr-155 (LAK), 2018 WL 4043141, at *1 (S.D.N.Y. Aug. 10, 2018).

Three months later, on November 19, 2018, this Court principally sentenced Brennerman to 144 months' imprisonment (Doc. No. 203), within his Guidelines range of 135 months to 168 months. The Court also ordered Brennerman to forfeit $4,400,000 and to pay restitution in an amount later determined to be $5,264,176.19. (Doc. No. 223.) Brennerman is currently serving

---

[1] On May 21, 2018, Judge Kaplan principally sentenced Brennerman to 24 months' imprisonment. (Contempt Action Doc. No. 145.)

his sentence at FCI Allenwood Low, in Pennsylvania. According to the Bureau of Prisons, Brennerman's expected release date is August 29, 2029. Brennerman has since appealed his conviction in this case, which is set for submission to the Second Circuit on May 27, 2020.

By motion dated March 27, 2020, and received by the Court on April 2, 2020, Brennerman requests bail pending appeal and discovery related to that request. (Brennerman Mot. at 1.) In support of his motion, Brennerman argues that he is not a flight risk and that his appeal will likely be meritorious. In addition, Brennerman notes that his release is particularly appropriate because his underlying medical conditions render him at heightened risk to COVID-19. (*Id.* at 9.) Brennerman has since submitted two additional letters in further support of his request for bail, both of which make substantially the same arguments as Brennerman's initial motion. (Doc. Nos. 240, 241.)

The government opposes Brennerman's motion, arguing that he would pose a significant flight risk if released and that his appeal lacks merit. The government also argues that COVID-19 "has no bearing on the standard for bail pending appeal and does not justify releasing [Brennerman]." (Gov't Ltr. at 1.)

Under 18 U.S.C. § 3143(b), a defendant must be detained pending appeal unless the court finds "by clear and convincing evidence that the person is not likely to flee or pose a danger" if released, and that the appeal is not interposed for purposes of delay and "raises a substantial question of law or fact likely to result in" reversal, a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term less than the total time already served plus the expected duration of the appeal process. 18 U.S.C. § 3143(b)(1). Because Brennerman has not come close to proving that he is not a flight risk, the Court need not even address his arguments concerning the merits of his appeal or COVID-19.

Having carefully reviewed Brennerman's submissions, the Court sees no basis for deviating from its many previous determinations that Brennerman poses a serious risk of flight. In addition to the litany of facts demonstrating this risk, which have been discussed at length in both this action and the Contempt Action – all of which remain applicable today – Brennerman has since been sentenced to a lengthy term of incarceration. The nine years remaining on his term of imprisonment alone provide ample motive to flee. *See Brennerman*, 2018 WL 4043141, at *1 (holding that "Brennerman would be an even greater flight risk now"). That risk is compounded by Brennerman's repeated willingness to flout court orders and his significant history of using fraudulent identities. And nothing about the bail package Brennerman presents mitigates these concerns. (*See* Brennerman Mot. at 6)

In short, the only changed circumstance since the Court last denied Brennerman bail is the Court's imposition of a lengthy sentence – a fact which cuts against, not in favor of, Brennerman's release. Thus, while the Court is sympathetic to Brennerman's concerns about his health, the statutory factors clearly mandate his continued detention. Accordingly, IT IS HEREBY ORDERED THAT Brennerman's motion for bail pending appeal and related discovery is DENIED. The Clerk of Court is respectfully directed to terminate the motions pending at document numbers 236 and 237.

SO ORDERED.

Dated:   April 27, 2020
         New York, New York

RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation