UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

RAHEEM J. BRENNERMAN,

Defendant.

No. 17-cr-337 (RJS)
ORDER

RICHARD J. SULLIVAN, Circuit Judge:

The Court is in receipt of a *pro se* letter from Defendant Raheem J. Brennerman, requesting that the Court order certain discovery from the government and ICBC (London) plc, the victim in this case, which discovery Brennerman believes will assist him in preparing a forthcoming motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  (Doc. No. 248.)  For the reasons set forth below, Brennerman's request for discovery is DENIED.

As an initial matter, Brennerman asserts that he is entitled to discovery from ICBC under 28 U.S.C. § 1782.  (Doc. No. 248 at 1.)  But Brennerman misapprehends the purpose of that statutory provision.  Section 1782 "permits a district court . . . to order a person within its jurisdiction to 'give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal.'"  *Mees v. Buiter*, 793 F.3d 291, 294 (2d Cir. 2015) (quoting 28 U.S.C. § 1782(a)).  In other words, the statute provides for discovery where that discovery will be used in a legal proceeding happening abroad.  It does not, as Brennerman suggests, supply criminal defendants with the right to seek discovery from foreign entities for use in U.S.-based criminal proceedings.

But even if § 1782 could be stretched to the limits urged by Brennerman, there is no indication in Brennerman's letter that the Court has jurisdiction over ICBC, the London branch of a Chinese entity, for purposes of a discovery request related to a post-conviction motion for compassionate release. *See In re del Valle Ruiz*, 939 F.3d 520, 524 (2d Cir. 2019) (explaining that "§ 1782's reach [extends only] to the limits of personal jurisdiction consistent with due process"). The mere fact that ICBC was a victim of Brennerman's criminal scheme does not automatically confer personal jurisdiction over this London-based bank.

And to the extent that Brennerman's *pro se* letter can be construed as a request to issue a subpoena to ICBC under Federal Rule of Criminal Procedure 17 and 28 U.S.C. § 1783, that too fails. As Judge Kaplan explained when declining to enforce a subpoena Brennerman issued to ICBC in another criminal matter, "ICBC is a foreign bank located approximately 3,500 miles from the courthouse" and "is not a national of the United States who is in a foreign country," meaning that "Section 1783(a) does not authorize issuance of a subpoena to it." *United States v. Brennerman*, No. 17-cr-155 (LAK), 2017 WL 4513563, at *2 (S.D.N.Y. Sept. 1, 2017) (internal quotation marks omitted).

Of course, the legal niceties of statutory authority and personal jurisdiction have never deterred Brennerman from making demands of this sort, and it bears noting that the instant discovery request is simply the latest in a long string of nearly identical requests from Brennerman that are largely an attempt to retry his case. Unfortunately, Brennerman has never "offered [any] justification for the indiscriminate introduction of evidence that was not introduced at trial." (Doc. No. 166 at 2.) So, for that reason and others, the Court has rejected each of Brennerman's prior requests, which primarily sought the same information that he pursues in his present motion. (*E.g.*, Doc. Nos. 153, 161, 166, 187, 235.) In the interim, the Second Circuit has affirmed Brennerman's

conviction, explaining that the government complied with its disclosure obligations in this case, and that "[t]he only indication that [the] documents [Brennerman seeks] are extant comes from Brennerman's bare assertions."  *United States v. Brennerman*, 818 F. App'x 25, 29–30 (2d Cir. 2020); *see also* Doc. No. 247 (mandate issued following the Second Circuit's denial of a similar "motion for discovery relief" submitted by Brennerman).  Brennerman's letter supplies no reason for the Court to deviate from these past rulings.

Accordingly, Brennerman's request for discovery is DENIED.  The Clerk of Court is respectfully directed to terminate the motion pending at docket number 248, and to mail a copy of this order to Brennerman.


SO ORDERED.

Dated:  November 5, 2020
        New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation