UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>-v-<br><br>RAHEEM J. BRENNERMAN,<br><br>                          Defendant. | No. 17-cr-337 (RJS)<br>ORDER |

RICHARD J. SULLIVAN, Circuit Judge:

On February 1, 2021, the Court received a *pro se* letter from Defendant Raheem J. Brennerman, dated January 22, 2021, which Brennerman describes as an "appended record and evidence pursuant to all applicable law and federal rule in an endeavor to document his C[OVID]-19 infection and other issues for the record." The letter itself does not request any affirmative relief form the Court. Instead, it appears to be an attempt to supplement the record in an appeal that Brennerman is pursuing of this Court's denial of his motion for discovery in aid of a contemplated compassionate release motion pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. Nos. 248–52.) Because Brennerman does not request relief from this Court, and because submissions to supplement the appellate record with intervening factual developments should be directed to the Court of Appeals, *see* Fed. R. App. P. 10(e)(3); *Xiao v. Continuum Health Partners, Inc.*, No. 01-cv-8556 (HB), 2002 WL 31760213, at *1–2 (S.D.N.Y. Dec. 9, 2002), the Court will not docket this *pro se* letter. As the Court has already made clear, however, "[t]o the extent Brennerman believes that COVID-19 [or any other circumstances] demand[] his release from incarceration, he can make that argument in a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)." (Doc. No. 251.) Brennerman is free to make such a motion at any time once he has complied with

the statutory exhaustion requirement.  *See* 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Ogarro*, No. 18-cr-373 (RJS), 2020 WL 1876300, at *3 (S.D.N.Y. Apr. 14, 2020) (noting that a court may not grant compassionate release "unless the defendant has either fully exhausted all administrative rights to appeal [the Bureau of Prison's denial of his request] or waited at least 30 days from the receipt of such a request by the warden of the defendant's facility"); *but see United States v. Santibanez*, No. 13-cr-912 (RJS), 2020 WL 3642166, at *2 (S.D.N.Y. July 6, 2020) (recognizing that, although the exhaustion requirement is mandatory when raised as a defense by the government, it is non-jurisdictional and can thus be waived in the government's discretion).

The Clerk of Court is respectfully directed to mail a copy of this order to Brennerman.

SO ORDERED.

Dated:       February 1, 2021
             New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation