UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

RAHEEM J. BRENNERMAN,

                Defendant.

No. 17-cr-337 (RJS)
ORDER

RICHARD J. SULLIVAN, Circuit Judge:

      On February 24, 2021, the Court received a *pro se* letter from Defendant Raheem J. Brennerman, which Brennerman characterized as a "Motion For Compassionate Release Evidence." (Doc. No. 254 at 1.) While this letter does not itself purport to be a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), it renews Brennerman's previous request that the Court grant him certain discovery that Brennerman says he "requires . . . to present a comprehensive [c]ompassionate release [motion]" in the future. (*Id.* at 2.)

      Like his last two requests for nearly identical discovery (Doc. Nos. 248, 250), Brennerman's letter provides "no basis on which to grant" the discovery he seeks. (Doc. No. 251 at 1; *see also* Doc. No. 249). Indeed, Brennerman appears to want this discovery only so that he may "relitigate broad swaths of his case." (Doc. No. 251 at 1.) Accordingly, Brennerman's request is DENIED.[1] As the Court has repeatedly advised Brennerman, however, to the extent that he wishes to file a motion for compassionate release under § 3582, he is free to do so at any time once he has complied with the statutory exhaustion requirement. *See* 18 U.S.C. § 3582(c)(1)(A); *see*

---

[1] Brennerman also criticizes the Court's refusal to docket a prior *pro se* letter, which purported only to supplement the record with intervening factual developments and did not seek any affirmative relief. (Doc. No. 254 at 2; *see also* Doc. No. 253.) While the Court reaffirms that decision, Brennerman has attached this prior letter to his newest filing, mooting any supposed harm he incurred. (Doc. No. 254 at 5–8.)

*also United States v. Ogarro*, No. 18-cr-373 (RJS), 2020 WL 1876300, at *3 (S.D.N.Y. Apr. 14, 2020) (noting that a court may not grant compassionate release "unless the defendant has either fully exhausted all administrative rights to appeal [the Bureau of Prison's denial of his request] or waited at least 30 days from the receipt of such a request by the warden of the defendant's facility" (internal quotation marks omitted)); *but see United States v. Santibanez*, No. 13-cr-912 (RJS), 2020 WL 3642166, at *2 (S.D.N.Y. July 6, 2020) (recognizing that although the exhaustion requirement is mandatory when raised as a defense by the government, it is non-jurisdictional and can thus be waived in the government's discretion).

    The Clerk of Court is respectfully directed to terminate the motion pending at document number 254. The Clerk of Court is also directed to mail a copy of this order to Brennerman.

SO ORDERED.

Dated:    February 25, 2021
            New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation