x

Raheem J. Brennerman
Reg. No. 54001-048
LSCI-Allenwood
P. O. Box 1000
White Deer, Pa. 17887-1000

Hon. Richard J. Sullivan
United States Circuit Judge
UNITED STATES DISTRICT COURT
for the Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

with copy to:

Clerk of Court
UNITED STATES DISTRICT COURT
for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

March 6, 2021

BY E-MAIL & CERTIFIED FIRST CLASS MAIL
Email: Temporary_Pro_Se_filing@nysd.uscourts.gov

Regarding: United States v. Brennerman
          Case No. 1:17-CR-337 (RJS)
          MOTION FOR RECONSIDERATION AND APPROPRIATE RELIEF

Dear Judge Sullivan:

Defendant Pro Se Raheem J. Brennerman ("Brennerman") respectfully submits this letter
motion for reconsideration of the motion (at 1:17-cr-337 (RJS), doc. no. 254 as it relates to the
Morgan Stanley issue) in reliance on his rights pursuant to the United States Constitution, all
applicable law and federal rules. In the alternative, Brennerman seeks just and proper relief
from the Constitutional violation, manifest injustice and prejudice suffered in light of the
misconduct highlighted below in addition to the other issues highlighted (at 1:17-cr-337 (RJS),
at doc. nos. 248, 250, 254), particularly given that the same trial judge presided over the entire
criminal prosecution in this instant case.


I. APPLICABLE LAW

The Standard for granting a motion for reconsideration is strict. "[R]econsideration will generally be denied unless the moving party can point to controlling decision or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court. "Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Possible grounds upon which a motion for reconsideration may be granted include "(1) an intervening change in law; (2) the availability of evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice. "Shannon v. Verizon New York, Inc., 519 F. Supp 2d 304, 307 (N.D.N.Y. 2007) (citation omitted)

II. DISCUSSION

The Court stated in its denial order (at 17 CR. 337 (RJS), at doc. no. 255) "Indeed, Brennerman appears to want this discovery only so the he may "relitigate broad swaths of his case, (Doc. No, 251 at 1")" and "Brennerman renews previous request that the Court grant him certain discovery that Brennerman says he "requires....to present a comprehensive [c]ompassionate release [motion]" at the future. (Id. at 2)""

Here, the Court overlooked a significant issue. The evidence sought (at 17 CR. 337 (RJS), at doc. no. 254) goes beyond the filing of compassionate release motion in the future or an endeavor to relitigate broad swaths of Brennerman`s case. It [the evidence] will allow Brennerman to seek and obtain appropriate relief from the Constitutional violation, manifest injustice and prejudice suffered in light of the significant misconduct highlighted below.

Given that Judge Sullivan presided over the entire criminal prosecution (including trial and sentencing) in this instant case, and in light of the other issues highlighted at 17 CR. 337 (RJS), at doc. nos. 248, 250, 254, Brennerman in reliance on his Constitutional rights, applicable law and federal rules seeks just and proper relief from the Constitutional violation, manifest injustice and prejudice suffered in light of the significant misconduct highlighted below. Here the trial judge exhibited "such a high degree of favoritism or antagonism as to make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555, 114 S. Ct. 1147, 127 L. Ed. 2d. 474 (1994)

Significant Misconduct:

In this instant case, during trial in November/December 2017, Government presented evidence - Government Exhibit - GX1-57; GX1-57A; GX1-73; GX529 to highlight Brennerman`s interaction with Morgan Stanley. All evidence presented by Government demonstrated that Brennerman interacted with Government witness, Scott Stout who worked at Morgan Stanley Smith Barney, LLC (see GX1-73, Notice to Recipient: confirming that the email was sent by an employee of Morgan Stanley Smith Barney, LLC) where Brennerman opened his wealth management brokerage account (see 17 CR. 337 (RJS), at doc. no. 167; also see 17 CR. 337 (RJS), at doc. no. 254, exhibit C).

After trial, in June 2018, Brennerman submitted supplemental evidence in support of his motion for judgment of acquittal pursuant to Fed. R. Crim. P. 29 ("Rule 29 motion") highlighting that he interacted with non-FDIC insured institution and that Government failed to prove that Morgan Stanley Smith Barney, LLC is FDIC insured (see testimony of Government witness, Barry Gonzalez, at 17 CR. 337 (RJS), at trial tr.1059; see also 17 CR. 337 (RJS), at doc. no. 254, exhibit G; also see supplemental evidence submitted at 17 CR. 337 (RJS), at doc. no. 167; and 17 CR. 337 (RJS), at doc. no. 254, exhibit C)

In November 2018, Judge Sullivan denied the Rule 29 motion for judgment of acquittal and sentenced Brennerman. Notwithstanding the demonstrable evidence submitted at 17 CR. 337 (RJS), at doc. no. 167. Judge Sullivan denied Brennerman`s Rule 29 motion by surreptitiously supplanting a non-FDIC insured institution, Morgan Stanley Smith Barney, LLC with a FDIC insured institution, Morgan Stanley Private Bank, in an endeavor to falsely satisfy the essential element necessary to convict Brennerman for bank fraud in violation of 18 U.S.C.S. 1344(1) and conspiracy to commit bank fraud in violation of 18 U.S.C.S. 1349. This is the significant issue.

Judge Sullivan, improperly stated on the record that the fraud was a scheme or artifice to defraud the private banking arm of Morgan Stanley, an FDIC insured institution (see 17 CR. 337 (RJS), at doc. no. 206, sentencing tr. at 19; see also 17 CR. 337 (RJS), at doc. no. 254, exhibit D) even though Government presented no evidence to support such ruling. Under certain circumstances, a judge`s behavior can be "per se misconduct." Marquez-Perez, 835 F.3d at 158. This happens when judges "exceed their authority" by "testify[ing] as witnesses, or add[ing] to or distort[ing] the evidence." Id.

To the extent that the Court affirms its prior ruling, that Brennerman opened his wealth management account at the private banking arm of Morgan Stanley or that Scott Stout whom Brennerman interacted with worked there, then Brennerman seeks evidence to support such ruling, given that the criminal case records at 17 CR. 337 (RJS) lacks indicia of any evidence to support such ruling.

Required Evidence:

Brennerman requests for evidence of Morgan Stanley presented by the prosecution at trial (see 17 CR. 337 (RJS), at doc. no. 167) particularly given the divergence between the evidence presented on record at trial and the Court`s ruling during sentencing and denial of Brennerman`s motion for judgment of acquittal pursuant to Fed. R. Crim. P. 29 with respect to Morgan Stanley.

Moreover, the evidence will irrefutably and conclusively demonstrate that Brennerman opened a wealth management brokerage account in January 2013 at Morgan Stanley Smith Barney, LLC in Beverly Hills, California. That he did not receive any perks because the account was opened for a few weeks and the charge card which was issued by another non-Morgan Stanley institution was closed with zero balance. Further that, Brennerman had a single preliminary telephone call about oil asset financing with Kevin Bonebrake who worked at the Institutional

securities division of Morgan Stanley, a subsidiary of Morgan Stanley & Company, LLC which is not FDIC-insured.

Additionally, testimony of FDIC commissioner, Barry Gonzalez at trial confirmed that the prosecution failed to prove that either Morgan Stanley Smith Barney, LLC (where Brennerman opened his wealth management brokerage account) and the Institutional Securities division of Morgan Stanley (where Kevin Bonebrake worked) are FDIC insured. (see 17 CR. 337 (RJS) at trial tr. 1057-1061)

The evidence will prove that Brennerman has been wrongfully convicted and sentenced. Not FDIC insured, No bank fraud.

III. PRO SE APPLICABLE LAW

Defendant, Raheem Brennerman, is a Pro Se defendant, therefore his pleadings are generally liberally construed and held to a less stringent standard than pleadings drafted by an attorney. See Hughes v. Rowe, 449 U.S. 6, 9 (1980) (per curium); Estelle v. Gamble, 429 U.S. 97 (1976).

IV. CONCLUSION

Brennerman respectfully submits the above and prays that the Court grant his request for relief in its entirety.

Dated: March 6, 2021
    White Deer, Pa 17887-1000

Respectfully submitted

IT IS HEREBY ORDERED THAT Defendant's Motion for Reconsideration and Appropriate relief is DENIED. The Clerk of the Court is respectfully directed to mail a copy of this memorandum endorsement to Brennerman.

SO ORDERED: _____
March 12, 2021        Richard J. Sullivan
                      U.S.C.J., Sitting by Designation

/s/ Raheem J. Brennerman
RAHEEM JEFFERSON BRENNERMAN
LSCI-Allenwood
P. O. Box 1000
White Deer, Pa. 17887-1000

Pro Se Defendant