UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>- v. -<br><br>RAHEEM J. BRENNERMAN,<br><br>        Defendant. | No. 17-cr-337 (RJS)<br>PRELIMINARY ORDER OF FORFEITURE AS TO SUBSTITUTE ASSETS |

RICHARD J. SULLIVAN, Circuit Judge:

        WHEREAS, on or about May 31, 2017, RAHEEM J. BRENNERMAN, a/k/a "Jefferson R. Brennerman," a/k/a "Ayodeji Soetan," (the "Defendant"), was charged in a four-count Indictment, 17 Cr. 337 (RJS) (the "Indictment"), with conspiracy to commit bank and wire fraud, in violation of Title 18, United States Code, Sections 1349 (Count One); bank fraud, in violation of Title 18, United States Code, Sections 1344 and 2 (Count Two); wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count Three); and visa fraud, in violation of Title 18, United States Code, Section 1546(a) (Count Four);

        WHEREAS, on or about December 6, 2017, the Defendant was found guilty, following a jury trial, of Counts One through Four of the Indictment;

        WHEREAS, on or about June 24, 2020, the Court entered a Preliminary Order of Forfeiture/Money Judgment (the "Order of Forfeiture"), imposing a money judgment against the Defendant in the amount of $4,400,000 (the "Money Judgment"), representing the proceeds traceable to the offenses charged in Counts One through Three of the Indictment that the Defendant personally obtained (D.E. 245);

1

WHEREAS, to date, the entire Money Judgment against the Defendant remains unpaid;

WHEREAS, as a result of acts and omissions of the Defendant, the United States has not been able to locate, obtain, or collect assets traceable to the proceeds of the Defendant's offenses, despite the exercise of due diligence in investigating the assets of the Defendant; and

WHEREAS, the government has identified the following specific assets in which the Defendant has an ownership interest:

a. One men's Audemars Piquet watch with serial number H95901-897613, which was seized from the Defendant's residence on or about April 19, 2017; and

b. One men's Brequet Type XXI watch with a black band and black and gold colored face, number 84848, which was seized from the Defendant's residence on or about April 19, 2017

(collectively the "Substitute Assets").

NOW IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1. All of the Defendant's right, title and interest in the Substitute Assets is hereby forfeited to the United States of America, for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853(n).

2. Upon entry of a Final Order of Forfeiture, the Substitute Assets shall be applied towards the partial satisfaction of the Money Judgment entered against the Defendant.

3. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture as to Substitute

Assets and provide notice that any person, other than the Defendant in this case, claiming an interest in the Substitute Assets must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

4. The notice referenced in the preceding paragraph shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Substitute Assets, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the Substitute Assets and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

5. The United States may also, to the extent practicable, provide direct written notice to any person, other than the Defendant, known to have an alleged interest in the Substitute Assets, as a substitute for published notice as to those persons so notified.

6. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Substitute Assets, pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

7. The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Substitute Assets, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

8. The Clerk of Court is respectfully directed to mail a copy of this Order to the Defendant at: Raheem J. Brennerman, Register No. 54001-048, FCI Allenwood Low, P.O. Box 1000, White Deer, PA 17887.

SO ORDERED.

Dated:     August 13, 2021
           New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation