TRULINCS 54001048 - BRENNERMAN, RAHEEM J - Unit: ALF-G-A

---

FROM: 54001048
TO:
SUBJECT: LETTER TO CLERK OF COURT
DATE: 08/17/2021 03:09:59 PM

x

Raheem J. Brennerman
Reg. No. 54001-048
Federal Correctional Institution
Allenwood Low
P. O. Box 1000
White Deer, Pa. 17887-1000

Clerk of Court
UNITED STATES DISTRICT COURT
The Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

August 17, 2021

BY CERTIFIED FIRST CLASS MAIL

Regarding: United States v. Brennerman, 1:17 Cr. 337 (RJS)

Dear Clerk:

    The undersigned, Raheem Jefferson Brennerman ("Brennerman") respectfully submits the appended correspondence addressed to Chief Judge Colleen McMahon and Clerk of Court, to seek relief, for docketing at the above referenced criminal case.

    Brennerman respectfully submits this letter and the appended correspondence in reliance on his Constitutional rights, all applicable law and federal rules.

Dated: August 17, 2021
    White Deer, Pa. 17887-1000

Respectfully submitted

/s/ Raheem J. Brennerman
RAHEEM JEFFERSON BRENNERMAN
Federal Correctional Institution
Allenwood Low
P. O. Box 1000
White Deer, Pa. 17887-1000

Defendant Pro Se

TRULINCS 54001048 - BRENNERMAN, RAHEEM J - Unit: ALF-G-A

------------------------------------------------------------------------------------------------

FROM: 54001048
TO:
SUBJECT: LETTER TO CHIEF JUDGE - PART I
DATE: 08/10/2021 07:27:02 PM

x

Raheem J. Brennerman
Reg. No. 54001-048
Federal Correctional Institution
Allenwood Low
P. O. Box 1000
White Deer, Pa. 17887-1000

The Hon. Colleen McMahon
Chief Judge
UNITED STATES DISTRICT COURT
for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

-and-

Clerk of Court
UNITED STATES DISTRCT COURT
for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

August 10, 2021

BY CERTIFIED FIRST CLASS MAIL
URGENT CORRESPONDENCE

Regarding: Criminal Case No. 1:17 Cr. 155 (LAK), United States v. The Blacksands Pacific Group, Inc., et. al (Brennerman)
Criminal Case No. 1:17 Cr. 337 (RJS), United States v. Brennerman

Dear Judge McMahon:

    The undersigned, Raheem Jefferson Brennerman ("Brennerman") respectfully submits this correspondence in reliance on his Constitutional rights, all applicable law and federal rules to seek relief in respect of the above criminal cases for a fair proceedings.

Brennerman is now entitled to file writ of Error Coram Nobis (the "Coram Nobis") in respect of the criminal case at 1:17 Cr. 155 (LAK) before Judge Lewis A. Kaplan and motion pursuant to 28 U.S.C.S. 2255 (the "Collateral attack") in respect of the criminal case at 1:17 Cr. 337 (RJS) before Judge Richard J. Sullivan, however due to the egregious judicial misconduct highlighted below and on record at the United States Court of Appeals for the Second Circuit at appeal docket no. 20-4164(L), at doc. no. 62, Brennerman seeks relief to allow for a fair proceeding.

ISSUE PRESENTED:

    This history of this matter began in 2014 when ICBC (London) PLC ("ICBC London"), a U.K. subsidiary of a Chinese bank headquartered in Beijing sued The Blacksands Pacific Group, Inc ("Blacksands"), a Delaware-U.S. oil and gas development company in New York Supreme Court primarily alleging, inter alia that Blacksands had failed to repay approximately $4.4 million dollars extended to Blacksands pursuant to a Bridge Loan Agreement, after ICBC London had reneged on the original $1.35 Billion dollars financing agreed with Blacksands.

    Blacksands removed the case to the Southern District of New York and the matter was assigned to Judge Lewis A. Kaplan, under the caption ICBC (London) PLC v. The Blacksands Pacific Group, Inc.

TRULINCS 54001048 - BRENNERMAN, RAHEEM J - Unit: ALF-G-A

-----------------------------------------------------------------------------------------------------

The misconduct and miscarriage of justice against Brennerman commenced in December 2016, when Judge Kaplan of the Southern District of New York, presiding over the civil dispute between ICBC London and Blacksands where Brennerman was Chairman and CEO, a case in which Brennerman was not a party, ignored the law in "OSRecovery, Inc., v. One Group Int'l, Inc., 462 F.3d 87, 90 (2006)" which stated directly to Judge Kaplan that he could not hold a non-party in contempt. However, Judge Kaplan ignoring the law, illegally pierced through the corporate structure of Blacksands, to hold Brennerman, a non-party, in contempt without providing any legal citation or explanation to support him doing so. There was no motion-to-compel nor any subpoena directed at Brennerman to do anything. Judge Kaplan then went a step further to actively persuade federal prosecutors from the Southern District of New York to prosecute Brennerman criminally. When the initial prosecutors declined to prosecute, Judge Kaplan actively sought new prosecutors who were willing to prosecute Brennerman.

On March 3, 2017 the new prosecutors without considering the law in OSRecovery, initiated criminal contempt proceedings against Brennerman. On March 7, 2017, Judge Kaplan summoned the U.S. federal prosecutors to his robing room to advise the prosecutors that he had prepared an arrest warrant for Brennerman. Even though the prosecutors attempted to convince Judge Kaplan that an arrest was not required, Judge Kaplan insisted that an arrest warrant be issued. Judge Kaplan's insistence on issuing an arrest warrant was in contrast to the U.S. federal rule which stipulates that the Judge merely execute the warrant initiated by the prosecutors (not the judge himself). Furthermore, Judge Kaplan who had referred Brennerman for criminal prosecution and insisted on Brennerman being arrested then assigned the criminal contempt case to himself so that he could preside over that case and trial. Judge Kaplan thereby acted as the complainant, the prosecution and the judge.

On April 19, 2017, Brennerman was arrested at his Las Vegas residence at the behest of Judge Kaplan. At the time of his arrest there were no pending charges against Brennerman, no indictments, no orders to show cause or complaints pending, thus there was no basis for Brennerman's arrest. The arrest was in violation of Brennerman's Fourth, Fifth, Thirteenth and Fourteenth amendment rights. Brennerman was granted bail. However, a few weeks later and without any meaningful investigation (the FBI who would normally investigate fraud crimes were never involved) on May 31, 2017, he was indicted for wire and bank fraud and their related conspiracy by the same U.S. federal prosecutors based on the same civil case between ICBC London and Blacksands from which the criminal contempt of court case had arisen.

The ICBC London files would have demonstrated to the federal prosecutors during the criminal trial that agents of ICBC advised agents of Blacksands including Brennerman, that ICBC preferred settlement rather than discovery. This would have shown that neither the company, Blacksands nor Brennerman willfully defied the Court orders that were directed at the company because they believed that by pursuing the settlement with ICBC they were complying with the Court order(s). Plus it was ICBC who had requested to settle. Additionally, the ICBC files would have demonstrated that the bank, ICBC did not rely on any representation or alleged misrepresentation made by Brennerman to approve the bridge finance, thus there was no fraud. Instead, the U.S. federal prosecutors indicted Brennerman on fraud charges without ever requesting, obtaining or reviewing the ICBC transaction files. The U.S. Fifth Amendment due process right requires that nobody be deprived of property life or liberty without the due process of law which required the prosecutors to independently investigate the allegation of fraud prior to depriving Brennerman of liberty. That did not occur in this case.

Prior to trial for the alleged criminal contempt of court, Brennerman through his trial counsel, Thompson Hine LLP, requested for the complete ICBC files. However, the U.S. federal prosecutors refused the request arguing that they had never obtained the files allegedly, highlighting the misconduct. Brennerman was, therefore, prosecuted without the prosecution considering all available evidence including the pertinent transaction files. ICBC itself denied Brennerman's request and Judge Kaplan denied his request to the Court to compel ICBC London or the prosecutors to provide Brennerman the files. During trial, Brennerman lacked the evidence required to defend himself. More significantly, Judge Kaplan permitted the prosecution to present to the jury the erroneously adjudged civil contempt directed against Brennerman. The jury were swayed by this concluding that, given that the presiding judge has declared that he had already held Brennerman in civil contempt, he must be guilty of criminal contempt. One of the jurors gave an interview after trial to a law journal, Law 360, that the jurors were swayed by specific evidence of Judge Kaplan holding Brennerman in civil contempt.

The denial of evidence (the complete ICBC London files) which Brennerman required to defend himself, Judge Kaplan ignoring the law and the presentation of an erroneously adjudged civil contempt which was in itself adjudged in violation of the law, all significantly prejudiced Brennerman and violated his Constitutional rights to a fair trial and his Sixth Amendment right to present his defense.

The fraud case was even more egregious. Prior to trial for the fraud case, Brennerman through his trial counsel made a request to Judge Richard J. Sullivan to exclude testimony from any witness from ICBC because he has been denied access to the complete ICBC files including the pertinent underwriting file. Brennerman argued that it would be patently unfair and highly prejudicial for the prosecution to elicit testimony from an ICBC witness while Brennerman would be deprived of the ability to meaningfully cross-examine the witness as to substance and credibility on the issues. This would violate his Constitutional

Case 1:17-cr-00337-RJS   Document 263   Filed 08/25/21   Page 4 of 6

TRULINCS 54001048 - BRENNERMAN, RAHEEM J - Unit: ALF-G-A
----------------------------------------------------------------------------------------

rights to confront the prosecution witness. Judge Sullivan denied his request. The trial went on. During trial, the prosecution's sole witness from ICBC, Julian Madgett testified that the key evidence - the complete underwriting files - which documented the basis for the bank approving the bridge loan at issue with the case (and thus would have highlighted if any fraud had occurred or not) existed with the bank in London. He testified that the prosecution has never requested, obtained or reviewed the file. Upon becoming aware of the missing evidence, Brennerman again made request to Judge Sullivan to either compel the prosecution to obtain the files or for ICBC to provide the files to him for his defense. However, Judge Sullivan denied the request while, at the same time stated on record that the prosecution witness, Julian Madgett, had testified that the evidence existed with the bank's file in London.

During trial Brennerman was deprived of the ability to present his complete defense against the charge or meaningfully challenge the testimony of prosecution witness, Julian Madgett. This was a violation of his Sixth Amendment right because he was deprived of the ability to present his complete defense or meaningfully cross-examine the witness presented against him.

With respect to the bank fraud, although the prosecution charged Brennerman with obtaining $300 million financing through fraud, during trial it became apparent that Brennerman has never requested or obtained financing from the Morgan Stanley subsidiary where he had opened his wealth management account. The prosecution and Judge Sullivan pivoted after trial to an alternative strategy arguing that the fraud was Brennerman becoming entitled to banking perks worth $6,500 including free checking account, sky miles and a "fancy" credit card in spite of the fact that he had not been charged with obtaining banking perks. In fact, Brennerman did not even receive any banking perks. Moreover, the "fancy" credit card was issued by another institution (not the Morgan Stanley subsidiary) and was closed with zero balance.

In addition, all evidence presented by the prosecution at trial clearly demonstrated that Brennerman opened the wealth management account at Morgan Stanley Smith Barney, LLC, a subsidiary which is not a bank, and not federally insured. The federal law clearly stipulates that the prosecution cannot prosecute Brennerman for bank fraud based on his interaction with a non federally insured institution. However, Judge Sullivan then misrepresented the evidence and stated on record that his interaction was with another unrelated institution - Morgan Stanley Private Bank, even while the prosecution presented no evidence to support such promulgation by the Court. Judge Sullivan did so in an effort to falsely satisfy the law required to convict and imprison Brennerman. This was/is a gross miscarriage of justice and a clear departure from the U.S. and International standards for fair trial where the presiding judge misrepresented evidence to falsely satisfy the law so as to convict and imprison an innocent man.

TRULINCS 54001048 - BRENNERMAN, RAHEEM J - Unit: ALF-G-A

---

FROM: 54001048
TO:
SUBJECT: LETTER TO CHIEF JUDGE - PART II
DATE: 08/10/2021 07:29:07 PM

RELIEF REQUESTED:

In ICBC (London) PLC v. The Blacksands Pacific Group, Inc., case no. 1:15 cv. 0700 (LAK), Judge Lewis A. Kaplan willfully ignored the law in OSRecovery to hold Brennerman, a non-party, in civil contempt. The U.S. federal prosecutors failed to consider the law in OSRecovery prior to initiating the criminal contempt of court case against Brennerman which precipitated in the criminal case in United States v. The Blacksands Pacific Group, Inc., et. al. criminal case no. 1:17 Cr. 155 (LAK). Judge Kaplan then permitted the U.S. prosecutors to present the erroneously adjudged civil contempt to the jury which caused significant prejudice to Brennerman.

Because the U.S. federal prosecutors and Judge Lewis A. Kaplan who presided over the criminal case in United States v. The Blacksands Pacific Group, Inc., et. al, case no. 1:17 Cr. 155 (LAK), willfully ignored the law in OSRecovery to prosecute, convict and imprison Brennerman in violation of his Constitutional rights and the law, the entire case including the conviction, should be dismissed. In the alternative, a new judge be assigned to consider the writ of Error Coram Nobis (the "Coram Nobis"), which seeks to correct the gross miscarriage of justice already suffered by Brennerman, to allow a fair proceeding.

In United States v. Brennerman, case no. 1:17 Cr. 337 (RJS), Judge Richard J. Sullivan misrepresented evidence to falsely satisfy the law to convict and imprison Brennerman; failed to protect the Constitutional rights of Brennerman, a criminal defendant, when he [Judge Sullivan] permitted the prosecution's sole witness from ICBC - Julian Madgett to testify as to the contents of the evidence ("ICBC underwriting file") while denying Brennerman's request to obtain the evidence which he required to impeach (confront) the witness against him and to present his complete defense.

Because Judge Richard J. Sullivan who presided over the criminal case in United States v. Brennerman, case no. 1:17 Cr. 337 (RJS), surreptitiously misrepresented the evidence of a federally insured institution so as to falsely satisfy the law required to convict and imprison Brennerman in violation of his Constitutional rights and the law, the entire case including the conviction, should be dismissed. In the alternative, a new judge be assigned to consider the motion pursuant to 28 U.S.C.S. 2255 (the "collateral attack"), which seeks to correct the gross miscarriage which Brennerman already suffered and continues to suffer in prison, to allow a fair proceeding.

CONCLUSION:

Brennerman relies on his Constitutional rights, all applicable law and federal rules, and respectfully submits the above.

Dated: August 10, 2021
      White Deer, Pa. 17887-1000

                                              Respectfully Submitted

                                              /s/ Raheem J. Brennerman
                                              RAHEEM JEFFERSON BRENNERMAN
                                              Federal Correctional Institution
                                              Allenwood Low
                                              P. O. Box 1000
                                              White Deer, Pa. 17887-1000

Court submissions for consideration:

a.) United States Court of Appeals for the Second Circuit,
United States v. Brennerman, at appeal docket no. 20-4164(L), at doc. no. 62

b.) Supreme Court of the United States,
Brennerman v. United States, at docket no. 20-6638

c.) Supreme Court of the United States,
Brennerman v. United States, at docket no. 20-6895



54001-048
Raheem J Brennerman
FCC Allenwood LOW
1000 P O Box
Gregg A Unit
White DEER, PA 17887-1000
United States



CERTIFIED MAIL
7020 1810 0001 4643 1842



U.S. POSTAGE PAID
FCM LG ENV
WHITE DEER, PA
17887
AUG 18, 21
AMOUNT
$0.00
R2305K138972-03

USM P3 SDNY

Crim. JKR
DKt



CLERK OF COURT
UNITED STATES DISTRICT
THE SOUTHERN DISTRICT OF
DANIEL PATRICK MOYNIH
U.S. COURT HOUSE
500 PEARL STREET



RECEIVED
AUG 23 2021
CLERK'S OFFICE
S.D.N.Y.

LEGAL
MA