UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

RAHEEM J. BRENNERMAN,

Defendant.

No. 17-cr-337 (RJS)

ORDER

RICHARD J. SULLIVAN, Circuit Judge:

On August 26, 2025, the Court issued an order denying Defendant Raheem J. Brennerman's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines. (Doc. No. 322 ("Order").)  Brennerman now moves for reconsideration of that order and simultaneously reraises his earlier request "to compel ICBC (London) plc's New York based counsel, Linklaters LLP[,] [to produce] certain transaction related documents including the [underwriting file] and [Charge Document]." (Doc. No. 324 ("Motion") at 9.)  For the following reasons, Brennerman's motion is DENIED.

"Reconsideration of the denial of a motion for a sentence reduction 'will generally be denied unless the moving party can point to controlling decisions or data the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusions reached by the court.'" *United States v. Davila*, No. 23-cr-292-01 (JSR), 2025 WL 1194385, at *1 (S.D.N.Y. Apr. 22, 2025) (quoting *United States v. Williams*, No. 21-343, 2023 WL 1977601, at *1 (2d Cir. Feb. 14, 2023)).  In his motion for reconsideration, Brennerman identifies no factual or legal errors in the Court's analysis of his sentence reduction motion that might reasonably be expected to alter the Court's conclusion that the factors set forth in 18 U.S.C. § 3553(a) strongly weigh against a reduction in Brennerman's sentence.  Instead, Brennerman argues that the Court should have

granted his motion based on the hardships he suffered while incarcerated during the COVID-19 pandemic and the death of his mother. (Motion at 9.) But the Court already considered those mitigating circumstances and concluded that the remaining sentencing factors nevertheless weighed heavily against a reduction in Brennerman's sentence. (Order at 6–7.) That Brennerman would have weighed the section 3553(a) factors differently does not warrant reconsideration.

Brennerman's request to order Linklaters LLP to produce certain transaction-related documents is equally unavailing. As the Court noted in one of its many previous orders denying Brennerman's requests to compel the production of similar materials, "the instant discovery request is simply the latest in a long string of nearly identical requests from Brennerman that are largely an attempt to retry his case." (Doc. No. 249 at 2 ("[T]he Court has rejected each of Brennerman's prior requests, which primarily sought the same information that he pursues in his present motion." (citing Doc. Nos. 153, 161, 166, 187, 235)).) Brennerman's latest motion supplies no basis justifying an order compelling his requested discovery at this belated stage of the case.

\*   \*   \*

For these reasons, Brennerman's motion for reconsideration and request for discovery are DENIED. The Clerk of Court is respectfully directed to mail a copy of this order to Brennerman.

SO ORDERED.

Dated: November 20, 2025
New York, NY

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation